**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Gary D. Martin,**
**Petitioner Below, Petitioner**

**vs.)   No. 20-0477** (Fayette County 19-C-85)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Self-represented petitioner Gary D. Martin appeals the May 19, 2020, order of the Circuit Court of Fayette County denying his second petition for a writ of habeas corpus pursuant to Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia ("Habeas Rules"). Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and Scott E. Johnson, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 22, 2008, a jury found petitioner guilty of two counts of first-degree murder and one count of second-degree murder. With regard to petitioner's first-degree murder convictions, the jury made recommendations of mercy. On June 2, 2008, the circuit court sentenced petitioner to two life terms of incarceration, with the possibility of parole, for his first-degree murder convictions and to a determinate term of forty years of incarceration for his second-degree murder conviction. The circuit court ordered that petitioner's sentences were consecutive. Petitioner

1

sought review of his convictions and sentences before this Court, which refused his appeal by order entered April 8, 2009.[1]

On May 27, 2016, petitioner filed a petition for a writ of habeas corpus in the circuit court, alleging, in pertinent part, that the court should have granted his motion for change of venue due to pretrial publicity and that the circuit court gave the jury erroneous instructions that impermissibly shifted the burden of proof to petitioner. Having carefully reviewed the "case file, including trial transcripts," the circuit court found "that the relevant facts of the case *sub judice* have been sufficiently and adequately developed and that the [c]ourt can now rule upon the [p]etition as a matter of law without a hearing." Accordingly, by an order entered January 17, 2017, the circuit court denied the habeas petition, rejecting petitioner's claims.[2]

Petitioner appealed the denial of the habeas petition. This Court in *Martin v. Terry*, No. 17-0116, 2018 WL 3203155 (W. Va. June 29, 2018) (memorandum decision), *cert. denied*, 139 S.Ct. 1273 (2019), affirmed the January 17, 2017, order, rejecting petitioner's arguments that the circuit court should have appointed habeas counsel and held a hearing on his numerous grounds for relief. *Id.* at *2-3. We found that, "as a matter of constitutional law, 'there is no right to counsel in collateral proceedings.'" *Id.* at *3 (quoting *Martinez v. Ryan*, 566 U.S. 1, 9 (2012)). We further found that "there was no issue on which it was necessary for the circuit court to hold a hearing" and adopted "the circuit court's well-reasoned findings and conclusions as to all of the assignments of error raised in this appeal." *Id.* at *2-3. In adopting the circuit court's findings, we rejected petitioner's argument that "the circuit court judge who presided over his criminal case should not have presided in his habeas proceeding given that the judge would be reviewing his own rulings." *Id.* at *2. Petitioner filed a petition for rehearing in *Martin*, which this Court refused. Thereafter, this Court issued its mandate on October 17, 2018.

---

[1]Petitioner raised the following issues in his criminal appeal: (1) evidentiary issues due to a faulty chain of custody; (2) disproportionate sentence; (3) insufficient evidence; and (4) erroneous jury instructions.

[2]The other claims raised in petitioner's first habeas petition and rejected by the circuit court were: (1) prosecutorial interference with the grand jury investigation; (2) failure to preserve the crime scene and properly collect and handle evidence; (3) erroneous admission of evidence without a proper chain of custody; (4) imposition of consecutive sentences negating the jury's recommendations of mercy as to petitioner's two first-degree murder convictions; (5) trial counsel's failure to request a psychological evaluation; (6) trial counsel's failure to request a continuance to determine petitioner's competency to stand trial and, if necessary, to have his competency restored; (7) trial counsel's failure to investigate the jury pool to ensure petitioner had a jury free of bias; (8) trial counsel's failure to effectively conduct jury voir dire; (9) trial counsel's failure to retain necessary expert witnesses; (10) trial counsel's failure to alert the circuit court that petitioner was unable to effectively communicate without his hearing aids; (11) trial counsel's failure to adequately prepare petitioner to testify in his own defense; and (12) trial counsel's failure to raise the deficiencies in the jury instructions.

On June 21, 2019, petitioner filed a second habeas petition in the circuit court,[3] asserting five claims that effectively asked the circuit court to overturn this Court's decision in *Martin*: (1) this Court's decision in *Martin* was not a decision on the merits because the Court adopted the circuit court's findings; (2) the circuit court judge who presided over petitioner's criminal case should not have presided in petitioner's first habeas proceeding in *Martin* given that the judge would be reviewing his own rulings; (3) appointment of habeas counsel was constitutionally required; (4) the circuit court should have granted his motion for change of venue due to pretrial publicity; and (5) the circuit court gave the jury erroneous instructions that impermissibly shifted the burden of proof to petitioner.

Petitioner asserted two other claims. Petitioner first argued that West Virginia Code § 62-3-15, which provides that a defendant convicted of first-degree murder is eligible for parole if the jury recommends mercy, unconstitutionally placed the burden on petitioner to prove that he deserved mercy. In making this argument, petitioner conceded that the jury recommended "[m]ercy [with regard to the] two [f]irst-[d]egree [m]urder convictions." Petitioner further argued that he was denied a public trial because the circuit court conducted individual voir dire in an anteroom with the State, petitioner, trial counsel, and the relevant juror present.

By order entered on May 19, 2020, the circuit court found that it could summarily deny the second petition pursuant to Habeas Rule 4(c), which provides, in pertinent part, that "[t]he court shall prepare and enter an order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated or waived." The circuit court found that it lacked the authority to review this Court's decision in *Martin* and that, due to *Martin*, the first five claims set forth in the second habeas petition could be denied pursuant to Habeas Rule 4(c).

The circuit court determined that petitioner's two other claims could be denied because the first of those claims was adjudicated and the second claim was waived in the underlying criminal case. The circuit court found that petitioner's claim that West Virginia Code § 62-3-15 was unconstitutional copied "exact language" from a motion to dismiss filed and argued by trial counsel during petitioner's trial. The circuit court further found that the trial transcript showed that the court denied the motion due to a finding that West Virginia Code § 62-3-15 "is not an unconstitutional statute."[4] With regard to petitioner's claim that he was denied a public trial, the circuit court determined that the trial transcript showed the court's explanation of petitioner's right to have individual voir dire conducted in the courtroom and petitioner's waiver of the same.

---

[3]With his second habeas petition, petitioner filed a memorandum of law.

[4]The circuit court further determined that, based upon petitioner's concession that the jury recommended mercy as to each of his convictions for first-degree murder, this claim could be a guise for an attempt to re-raise the argument that the circuit court should not have imposed consecutive sentences in light of the mercy recommendations, which was a claim rejected in *Martin*.

Accordingly, the circuit court denied the second habeas petition as all claims set forth therein were adjudicated and/or waived either in the underlying criminal case or in *Martin*.

Petitioner now appeals the circuit court's May 19, 2020, order denying the second habeas petition. This Court reviews a circuit court's order denying a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

> . . . .

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). As noted above, Habeas Rule 4(c) provides, in pertinent part, that "[t]he court shall prepare and enter an order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated or waived."

On appeal, petitioner argues that the circuit court erred in denying the second habeas petition without a hearing and appointment of counsel. Respondent counters that the circuit court properly denied the second petition. We agree with respondent.

In the second habeas petition, petitioner effectively asked the circuit court to overturn this Court's decision in *Martin*. We find that the circuit court properly found that it lacked the authority to review this Court's decision in *Martin* and that, due to *Martin*, the first five claims set forth in the second habeas petition could be denied pursuant to Habeas Rule 4(c). We found in *Martin*, "there was no issue on which it was necessary for the circuit court to hold a hearing" and adopted "the circuit court's well-reasoned findings and conclusions as to all of the assignments of error raised in this appeal." 2018 WL 3203155, at *2-3. As Rule 21(a) of the West Virginia Rules of Appellate Procedure ("Appellate Rules") provides, our memorandum decision in *Martin* "address[ed] the merits of the case." *See In re: T.O.*, 238 W. Va. 455, 464, 796 S.E.2d 564, 573 (2017); *State v. McKinley*, 234 W. Va. 143, 151, 764 S.E.2d 303, 311 (2014). Pursuant to

4

Appellate Rule 26(a), the issuance of this Court's mandate in *Martin* terminated jurisdiction in that case and all rulings therein became final.[5]

As for the remaining two claims set forth in the second habeas petition, in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we found that, when the record shows that an issue was "fully and fairly litigated during the trial," the doctrine of res judicata bars the re-raising of that issue in a habeas proceeding "because the issue has . . . been fully litigated." *Id.* at 765, 277 S.E.2d at 609. Similarly, in Syllabus Point 2 of *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975), we held that the doctrine of res judicata bars a constitutional claim in a habeas proceeding when a knowing and intelligent wavier of the constitutional right "is conclusively demonstrated on the record."

Here, petitioner challenged the constitutionality of West Virginia Code § 62-3-15 in a motion to dismiss filed and argued by counsel during trial, and the trial court denied the motion due to a finding that West Virginia Code § 62-3-15 "is not an unconstitutional statute." In addition, the trial court sought petitioner's consent to conduct individual voir dire in an anteroom (with the State, petitioner, trial counsel, and the relevant juror present) and petitioner waived his right to have individual voir dire conducted in the courtroom *after* the court's explanation of that right to him. Accordingly, we find that the circuit court properly found the remaining claims set forth in the second habeas petition could be denied pursuant to Habeas Rule 4(c) because the first of those claims was adjudicated and the second claim was waived in the underlying criminal case.

Rather than challenging the circuit court's findings that his remaining two claims could be denied pursuant to Habeas Rule 4(c), petitioner argues that the court made a finding that it did not. Petitioner argues that the circuit court found in the instant case that "[h]abeas [c]orpus [c]ounsel was ineffective or [a]ppeal [c]ounsel was ineffective." As evidenced by petitioner's arguments both in *Martin* and in this appeal, habeas trial counsel was appointed in neither of petitioner's habeas proceedings. As for habeas appellate counsel appointed in *Martin*, that attorney was "permitted to withdraw as petitioner's counsel," and petitioner was permitted to file a supplemental brief as a self-represented litigant. 2018 WL 3203155, at *1 n.1. The criminal appeal that this Court refused on April 8, 2009, was filed by appellate counsel, but petitioner did not raise ineffective assistance of appellate counsel in either of his habeas petitions. Petitioner may not raise that issue for the first time in this appeal pursuant to Syllabus Point 2 of *Sands v. Security Trust Company*, 143 W. Va. 522, 102 S.E.2d 733 (1958), in which we held that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Accordingly, we conclude that the circuit court did not err in denying the second habeas petition.

---

[5]Appellate Rule 26(a) provides, in pertinent part, that the "[i]ssuance of the mandate terminates jurisdiction of the Supreme Court in an action before this Court" and that a "memorandum decision of the Court considering the merits of a case is not final until the mandate has been issued."

For the foregoing reasons, we affirm the circuit court's May 19, 2020, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: September 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton